IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MO-KAN SHEET METAL WORKERS WELFARE FUND and BOARD OF TRUSTEES OF THE MO-KAN SHEET METAL WORKERS WELFARE FUND, | 4:19-CV-3113 |
| Plaintiffs, | ORDER |
| vs. | |
| MEGAN MECH, et al., | |
| Defendants. | |

The plaintiffs in this case have filed a motion for temporary restraining order and/or preliminary injunction (filing 2), seeking to prevent counsel for the defendants from disposing of settlement money in her possession. *See* filing 4. Briefly summarized, the argument supporting that motion is that if the settlement fund is dissipated in a way that renders it nontraceable, the plaintiffs' alleged equitable lien could be eliminated. *See* filing 4; *see generally Montanile v. Bd. of Trs. of the Nat'l Elevator Indus. Health Benefit Plan*, 193 S. Ct. 651 (2016).

But the sole basis for preliminary injunctive relief is the plaintiffs' claim that defendants' counsel had not committed to holding the disputed fund in trust beyond December 10, 2019. *See* filing 1-3 at 1; filing 4 at 6. In response, defendants' counsel has represented that she intends—and, in fact, considers herself ethically obliged—to retain the settlement fund in trust while the parties continue to dispute it. *See* filing 8.

When deciding whether to issue a preliminary injunction, the Court weighs the four *Dataphase* factors: (1) the threat of irreparable harm to the

movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that the movant will succeed on the merits; and (4) the public interest. *Johnson v. Minneapolis Park & Recreation Bd.*, 729 F.3d 1094, 1098 (8th Cir. 2013); (citing *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc)). A preliminary injunction is an extraordinary remedy, and the movant bears the burden of establishing its propriety. *Roudachevski v. All-Am. Care Centers, Inc.*, 648 F.3d 701, 705 (8th Cir. 2011); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). And in particular, a preliminary injunction cannot issue without a showing of irreparable harm—that is, a showing that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief. *See Roudachevski*, 648 F.3d at 706; *Dataphase*, 640 F.2d at 114 n.9.

In this case, the defendants' counsel has persuasively shown that the plaintiffs face no irreparable harm here—and the plaintiffs did not reply to that showing. Given the plaintiffs' failure to reply, the Court can only conclude that they, like the Court, are satisfied with counsel's representation that the disputed fund will be preserved until it is no longer disputed. Accordingly,

IT IS ORDERED that the plaintiffs' motion for temporary restraining order and/or preliminary injunction (filing 2) is denied.

Dated this 31st day of December, 2019.

BY THE COURT:

John M. Gerrard
Chief United States District Judge