IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MO-KAN SHEET METAL WORKERS WELFARE FUND and BOARD OF TRUSTEES OF THE MO-KAN SHEET METAL WORKERS WELFARE FUND,<br><br>Plaintiffs,<br><br>vs.<br><br>MEGAN MECH, et al.,<br><br>Defendants. | 4:19-CV-3113<br><br>MEMORANDUM AND ORDER |

  This matter is before the Court on the defendants' Fed. R. Civ. P. 12(e) Motion for a More Definite Statement (filing 10), in which the defendants ask the Court to order the plaintiffs to clarify their claims and against whom those claims are directed. The plaintiffs insist, however, that the defendants' "confusion on this issue is self-inflicted," and that "[i]t is not entirely clear what Defendants seek to accomplish by filing their motion," which they contend is "frivolous" and "has caused unnecessary delay." Filing 14 at 2, 4.

  The plaintiffs' tone is both unseemly and unwarranted, because it is evident to the Court why the defendants filed this unusual motion in this unusual case. The underlying dispute is ordinary—the Mech family settled a wrongful death claim, and the plaintiffs are asserting a right to be reimbursed from the settlement fund for medical expenses the plaintiffs allege they paid for. That sort of dispute is not unusual. Nor is it unusual for parties to dispute some or all of a settlement fund, and resort to litigation to resolve that dispute.

  What is unusual is what the plaintiffs have done here: they have sued not only the Mech family, but the Mech family's lawyer. That was at least

defensible when the plaintiffs were seeking temporary injunctive relief against her in a personal capacity. *See* filing 2; filing 4. But with provisional remedies out of the way, *see* filing 9, it's less clear why counsel is a defendant. And that is plainly why the defendants filed a Rule 12(e) motion—to clarify counsel's status "to mount an effective defense *and to have appropriate representation*." Filing 10 at 1. It's entirely understandable why counsel would be unsure of how to proceed (particularly given ethical considerations) in the unusual position of being, for the moment, both defendant and defendants' counsel.

More specifically, the plaintiffs' operative complaint repeatedly relies on the allegation that counsel would "only hold the settlement funds in trust until December 10, 2019." Filing 1 at 8-9. However true that allegation might have been, it is now out of date. *See* filing 9. Moreover, the complaint's elision of "Defendants" leaves them to collectively defend against a claim for declaratory relief regarding the rights of the litigants under a pension plan to which defendants' counsel was clearly not a party, *see* filing 1 at 10-12, and a claim for "constructive trust and equitable lien" for funds that have legally been paid to the Mechs but are in counsel's trust account, *see* filing 1 at 13-14. The plaintiffs have not identified any particular *wrongful* act of defendants' counsel, except for her representation of her clients in their position that the plaintiffs are not entitled to reimbursement.

The Court recognizes that motions for a more definite statement are disfavored. *See Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015); *Ransom v. VFS, Inc.*, 918 F. Supp. 2d 888, 901 (D. Minn. 2013). They are designed to strike at unintelligibility, rather than lack of detail. *See id*. But they are appropriate where a party cannot determine the issues she must meet or where there is a major ambiguity or omission in the complaint such that the complaint is unanswerable. *Dixon*, 304 F.R.D. at 582. And here, the issue is at

least as much *who* should be answering as much as what they should answer. The uncertain basis on which defendants' counsel remains a party carries with it the possibility that counsel could effectively be disqualified. That's not a result the Court is inclined to entertain without asking the plaintiffs to be more clear about why they believe it necessary.

Under these circumstances, the Court agrees that the defendants are at least entitled to a statement of the plaintiffs' claims that reflects the situation as it stands now, having meaningfully changed. In particular, the defendants are entitled to know specifically which claims for relief are asserted against which defendants, and the facts which support those defendants being made subject to those claims—and even more in particular, whether and why the defendants' counsel is appropriately a party to this action by virtue of holding disputed settlement funds in her trust account.[1]

IT IS ORDERED:

1. The defendants' Fed. R. Civ. P. 12(e) Motion for a More Definite Statement (filing 10) is granted.

2. On or before February 10, 2020, the plaintiffs shall file an amended complaint clarifying the matters set forth above.

---

[1] The Court notes that, if custody of the funds is truly that much of an issue, Fed. R. Civ. P. 67 permits a party to deposit all or part of the disputed funds with the Court. The parties are *strongly* encouraged to consider whether that procedure, or some other agreeable means, can be found to make this case into the otherwise mine-run lawsuit it ought to be.

3. The Clerk of the Court shall set an amended complaint deadline for February 10, 2020.

Dated this 27th day of January, 2020.

BY THE COURT:

_John M. Gerrard_
John M. Gerrard
Chief United States District Judge